UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TERRENCE MONTREL TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:22-CV-96-KAC-DCP |
| JOHN CUNNINGHAM, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, a prisoner of the Tennessee Department of Correction incarcerated in Riverbend Maximum Security Institution ("RMSI"), filed (1) a pro se complaint under 42 U.S.C. § 1983 arising out of various incidents during his RMSI confinement [Doc. 1], (2) a motion for extension of time to submit his inmate trust account form [Doc. 4], (3) a motion to appoint counsel [Doc. 5], (4) a motion for leave to proceed *in forma pauperis* [Doc. 6], and (5) two motions to transfer this case to the United States District Court for the Middle District of Tennessee, Nashville Division [Docs. 7, 8]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for extension of time [Doc. 4], motion for leave to proceed *in forma pauperis* [Doc. 6], and motions to transfer venue [Docs. 7, 8]. The Court **TRANSFERS** this action to the Nashville Division of the United States District Court for the Middle District of Tennessee, which is the proper venue for Plaintiff's claims and the proper Court to address Plaintiff's pending motion to appoint counsel [Doc. 5].

I. **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

For good cause shown therein, the Court **GRANTS** Plaintiff's motion for an extension of time to submit his inmate trust account form [Doc. 4]. And it appears from Plaintiff's later-filed motion for leave to proceed *in forma pauperis* [Doc. 6], which includes his inmate trust account

information, that he is unable to pay the filing fee in this case. Accordingly, the Court grants Plaintiff's motion for lease to proceed *in forma pauperis* [Doc. 6] as well.

Because Plaintiff is an inmate of RMSI, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Main Street, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum opinion to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. MOTIONS TO TRANSFER VENUE

As set forth above, Plaintiff's complaint raises claims arising out of various incidents during his confinement in RMSI [Doc. 1]. The general venue statute for federal district courts provides in relevant part:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all
> defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3). RMSI is in Davidson County, Tennessee, which lies within the Nashville Division of the United States District Court for the Middle District of Tennessee. *See* 28 U.S.C. § 123(b)(1); https://www.tnmd.uscourts.gov/divisions-court. The Court therefore agrees with Plaintiff that the proper venue for this case is the Nashville Division of the Middle District of Tennessee [*See* Docs 7, 8]. *See also O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties). "[I]n the interest of justice," a federal district court may "transfer [a civil action] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, the Court **GRANTS** Plaintiff's motions to transfer venue [Docs. 7, 8]. The Court **DIRECTS** the Clerk to transfer this action to the Nashville Division of the Middle District of Tennessee and close this Court's file.

## III. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTS** Plaintiff's motion for extension of time to submit his trust fund account form [Doc. 4] and motion for leave to proceed *in forma pauperis* [Doc. 6];

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. The Court **GRANTS** Plaintiff's motions to transfer venue [Docs. 7, 8]; and

6. The Court **DIRECTS** the Clerk to transfer this action to the Nashville Division of the Middle District of Tennessee and close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

4

Case 3:22-cv-00096-KAC-DCP   Document 9   Filed 04/26/22   Page 4 of 4   PageID #: 29